UNITED STATES BANKRUPTCY COURT    **FOR PUBLICATION**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:         Case No. 04-15725-CEC

YVONNE PARRY,     Chapter 7
a/k/a Yvonne J. Parry,

       Debtor.
------------------------------------------------------------x


<u>DECISION</u>



Jeffrey I. Stark, Esq.     Harvey Sharinn, Esq.
Charles Juntikka & Associates  Sharinn & Lipshie, P.C.
11 West 42nd Street     200 Garden City Plaza
New York, New York 10036   Suite 506
            Garden City, New York 11530



CARLA E. CRAIG
United States Bankruptcy Judge

This matter comes before this Court on the motion of Yvonne Parry, also known as Yvonne J. Parry, for an order requiring Sharinn and Lipshie, P.C. to pay actual damages, pursuant to 11 U.S.C. §362(h), for the firm's willful violation of the automatic stay.  The Debtor asserts that Sharinn and Lipshie failed to remove liens the firm had placed on four of Ms. Parry's bank accounts, even after it had received notification of the filing of Ms. Parry's bankruptcy petition.

For the reasons set forth below, Ms. Parry's motion is granted.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 11 U.S.C. §§ 1334(b) and 157(b)(2)(C) and the Eastern District of New York standing order of reference dated August 28, 1986.  This opinion constitutes the Court's findings of fact and conclusions of law following a trial on the merits to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Facts

On February 17, 2004, prior to the filing of Ms. Parry's voluntary petition, Sharinn and Lipshie obtained a default judgment against Ms. Parry on behalf of Asset Acceptance LLC. Pursuant to the default judgment, Sharinn and Lipshie arranged to have a lien placed upon each of Ms. Parry's accounts, including her checking account, that she kept with North Fork Bank on April 16, 2004.

On April 20, 2004, Ms. Parry filed her voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Both Asset Acceptance and Sharinn and Lipshie were listed as creditors on Ms. Parry's petition pursuant to § 521(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(1).

On April 22, 2004, the clerk of this Court notified all listed creditors of the date the first meeting of creditors was to be held pursuant to § 341 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2003(a). Sharinn and Lipshie acknowledges that the firm received the notice of bankruptcy filing on April 30, 2004. (Doc. No. 9; Sharinn Aff. ¶12.)[1]

On April 23, 2004, a representative from Ms. Parry's attorney, Charles W. Juntikka and Associates, LLC, faxed a copy of the bankruptcy filing notice to Sharinn and Lipshie. (Doc. No. 9; Sharinn Aff. ¶10.) A representative from the Juntikka Firm also spoke by telephone with a representative at Sharinn and Lipshie to inform them of Ms. Parry's bankruptcy filing and requested the removal of the liens on Ms. Parry's accounts at North Fork Bank. (Doc. No. 9; Torres Aff. ¶7.)

On April 27, 2004, after consulting with an in-house attorney, Mr. Torres faxed a general release instruction letter to North Fork Bank; however, the liens remained on Ms. Parry's accounts.

On June 16, 2004, the Juntikka firm mailed a letter to Sharinn and Lipshie that again informed the firm of the filing of Ms. Parry's petition and the imposition of the automatic stay. The Juntikka firm's letter requested the immediate removal of Sharinn and Lipshie's lien on Ms. Parry's bank accounts.

Despite these notices from both the clerk of this Court and the Juntikka firm, none of the liens on Ms. Parry's accounts were removed.

On June 28, 2004, this Court signed an order to show cause pursuant to which Sharinn and Lipshie was ordered to appear on July 28, 2004, to explain why the firm should not be held

---

[1]"Doc." refers to documents listed on the bankruptcy court's docket, by docket number.

in contempt for their refusal to comply with the automatic stay by removing the lien on Ms.

Wright's bank account.  (Doc. No. 7.)  The Debtor testified that on July 14, 2004, the lien was

removed and she was granted access to her checking account.

Discussion

Section 362(a) of the Bankruptcy Code provides an automatic stay of litigation, lien

enforcement and other actions that are attempts to collect pre-petition claims.  Section 362(a) of

the Bankruptcy Code states, in pertinent part,

> (a)  Except as provided in subsection (b) of this section, a petition
> filed under section 301, 302, or 303 of this title...operates as a stay,
> applicable to all entities of...
>
> (2)  the enforcement, against the debtor or against property
> of the estate, of a judgment obtained before the commencement of
> the case under this title

11 U.S.C. §362.

Violations of the automatic stay against the estate of an individual are governed by

§362(h) of the Bankruptcy Code.  11 U.S.C. §362(h).  Section 362(h) of the Bankruptcy Code

states "[a]n individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances,

may recover punitive damages."  Id.; In re Robinson, 228 B.R. 75, 80 (Bankr. E.D.N.Y. 1998)

("An additional finding of maliciousness or bad faith on the part of the offending creditor is not

necessary to support an award of actual damages but would warrant the further imposition of

punitive damages pursuant to section 362(h)").

The party seeking damages for violation of the automatic stay must prove the following

elements: (1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the

creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages.  Garland v. Lawton (In re Garland), 2001 Bankr. LEXIS 2186 (Bankr. D. Vt. 2001) (citations omitted).  The moving party must prove each of these elements by a preponderance of the evidence.  In re Robinson, 228 B.R. at 81 (citations omitted).

It is not disputed that Ms. Parry is an individual and that she filed a bankruptcy petition. Nor is it disputed that Sharinn and Lipshie had notice, and therefore, actual knowledge, of the bankruptcy filing.  (Doc. No. 16; ¶10.)  See In re Robinson, 228 B.R. at 84 (holding that the receipt of the notice of bankruptcy from the clerk of the court is sufficient for a creditor to be deemed to have knowledge of the bankruptcy proceeding.)  However, Sharinn and Lipshie does dispute that its actions amounted to a willful violation of the automatic stay.  Sharinn and Lipshie asserts that, in faxing a general release letter to North Fork Bank, it did everything it was required to do under the Bankruptcy Code.  This assertion is incorrect.

In Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d. Cir. 1990), the Second Circuit held that "any deliberate act taken by a creditor in violation of the automatic stay, which the violator knows to be in existence, justifies an award of actual damages."  A failure to act by a creditor, such as a failure to release a restraint on the debtor's bank account, where the creditor had knowledge of the bankruptcy filing, may likewise be a violation of the automatic stay.

Courts in this Circuit have held that §362(h) should be liberally construed to ensure that debtors receive the protection of the automatic stay.  In re Robinson, 228 B.R. at 81 n.5 (citations omitted).  If §362(h) were limited to violators who had an actual intent to violate the stay, "the

deterrent effect of the damages remedy, and the relief it affords wronged debtors, would be compromised inappropriately." Id.

Sharinn and Lipshie argues that the Juntikka firm did not make a good faith effort to inform them that North Fork Bank had not lifted the liens on Ms. Parry's accounts. This argument is without merit. It was not the Juntikka firm's responsibility to ensure that the liens on Ms. Parry's accounts had been removed; rather, that responsibility rested solely with Sharinn and Lipshie.

It is well settled that a creditor has an affirmative duty under §362 to take the necessary steps to discontinue its collection activities against a debtor. Sucre v. MIC Leasing Corp. (In re Sucre), 226 B.R. 340, 347 (Bankr. S.D.N.Y. 1998). "The provisions of the automatic stay place the responsibility to discontinue any pending collection proceedings squarely on the shoulders of the creditor who initiated the action." Id., citing In the Matter of Sams, 106 B.R. 485, 490 (Bankr. S.D. Ohio 1989) ("Based on the language of §362(a) many courts have emphasized the obligation incumbent upon creditors to take necessary steps to halt or reverse pending state court actions or other collection efforts commenced prior to the filing of a bankruptcy petition . . . ."). By failing to coordinate with North Fork Bank or otherwise take the necessary steps to ensure that the liens on Ms. Parry's accounts were immediately released, Sharinn and Lipshie willfully violated the automatic stay.

At the hearing, Ms. Parry testified that she suffered monetary damages as a result of her inability to access her checking account for more than one month after she filed her petition. The damages included, among other things, fees she was forced to pay to cash her paycheck and, of course, her lawyer's fees in connection with this matter.

As Sharinn and Lipshie willfully violated the automatic stay, the Court must award Ms. Parry actual damages pursuant to §362(h).[2]  11 U.S.C. §362; <u>Crysen/Montenay Energy</u>, 902 F.2d at 1105; <u>Sucre</u>, 226 B.R. at 349.  An award of actual damages under §362(h) is intended to compensate a debtor for damages sustained as a result of a willful violation of the automatic stay. <u>Id.</u>, <u>citing</u> <u>In re Cox</u>, 214 B.R. 635, 642 (Bankr. N.D. Ala. 1997) ("The term 'actual damages' is synonymous with the term 'compensatory damages.'").

Attorneys' fees are included in the award of actual damages awarded pursuant to §362(h). 11 U.S.C. §362.  Although the language of §362(h) does not limit the amount of attorneys fees and costs to be awarded, "courts have determined that such an award must be 'reasonable and necessary,' and that courts should 'closely scrutinize the fees requested by attorneys for unnecessary and excessive charges.'" <u>Sucre</u>, 226 B.R. at 351.

While Ms. Parry was not able to itemize her damages at the hearing, the Court instructed the Juntikka firm to submit appropriate affidavits to this Court attesting to any fees and expenses incurred by Ms. Parry as a result of the liens remaining on her accounts.  The Juntikka firm has yet to submit any affidavits.  Accordingly, the Juntikka firm is ordered to submit such affidavit or affidavits within 10 days of the entry of this decision.

---

[2]Although punitive damages were requested in the motion papers this portion of Ms. Parry's request for relief was withdrawn at the trial.

<u>Conclusion</u>

For the foregoing reasons, the Court finds that Sharinn and Lipshie willfully violated the automatic stay.  The Court will award fees and expenses to Ms. Parry subject to its review of the affidavit which this Court has ordered the Juntikka firm to submit herein.

Dated:  Brooklyn, New York
        August 5, 2005


                                        *s/Carla E. Craig*
                                        CARLA E. CRAIG
                                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                    Case No. 04-15725-CEC

YVONNE PARRY,                      Chapter 7
a/k/a Yvonne J. Parry,

                                Debtor.

-------------------------------------------------------------x

MAILING CERTIFICATE

        I, Vivian Greene, Judicial Assistant to the Honorable Carla E. Craig, hereby
affirm that on August 5, 2005 a copy of an Order was delivered to the parties named below by
United States Postal Service first class mail, telecommunication, facsimile or any other delivery
method, as follows:


Jeffrey I. Stark, Esq.                    Harvey Sharinn, Esq.
Wendy Selwanes, Esq.                      Sharinn & Lipshie, P.C.
Charles Juntikka & Associates             200 Garden City Plaza
11 West 42nd Street                       Suite 506
New York, NY 10036                        Garden City, NY 11530
Attorneys for Debtor


Dated: Brooklyn, New York
       August 5, 2005

                                          *s/Vivian Greene*
                                          Vivian Greene